MEMORANDUM **
Ronald P. Foster, a California state prisoner, appeals from the district court’s entry of summary judgment in favor of state prison officials M.D. McDonald, D.J. Davey, and R. St. Andre. McDonald reassigned Foster from a single cell to a cell shared with another inmate. Foster refused the order to share a cell for the stated reason that he was not ready to deal with living with another inmate. Although Foster was not forced to share a cell, he lost his accumulated good-time credits and was placed on zero-credit earning status for his continuing refusal to obey the order to double-cell. Foster’s loss of good-time credits directly and significantly affects his release date by at least 390 days. In this 42 U.S.C. § 1983 action, Foster claimed the double-cell order violates the Eighth Amendment because McDonald knew or should have inferred that Foster’s safety was at risk if Foster were forced to accept a cellmate. In addition, Foster claimed that Davey and St. Andre deprived him of property without due process by confiscating his electronics equipment without a hearing. Foster sought damages on both claims, as well as an injunction requiring that his single-cell status be reinstated.
*219 We have jurisdiction pursuant to 28 U.S.C. § 1291. Summary judgment rulings are reviewed de novo. Corales v. Bennett, 567 F.3d 554, 562 (9th Cir.2009). A grant of summary judgment may be affirmed on any basis supported by the record. Id. We affirm.
The district court did not err in concluding that Foster’s § 1983 claim is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). A state prisoner’s § 1983 claim is not cognizable if success on the claim would necessarily imply the invalidity of his sentence. Heck, 512 U.S. at 486-87, 114 S.Ct. 2364. Consequently, a prisoner’s § 1983 challenge to disciplinary hearing procedures is barred if judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Balisok, 520 U.S. at 646, 117 S.Ct. 1584. A decision in Foster’s favor would necessarily imply the invalidity of his loss of good-time credits for refusing to share a cell with another inmate. This consequence would affect directly and significantly his release date. Although Foster disclaims seeking reinstatement of good-time credit in this case, the result is clearly implied from the requested injunction to reinstate his single-cell status. The requested injunctive relief would invalidate the basis for the disciplinary charges and loss of good-time credits.
The district court did not err in declining to adopt the magistrate judge’s recommended denial of McDonald’s summary judgment. Foster failed to present a genuine issue of material fact that his safety was at risk if double-celled, or that McDonald knew or should have inferred that Foster’s safety was threatened if double celled. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that a prison official acts with deliberate indifference when he knows of and disregards an excessive risk to inmate safety). Foster contends he was entitled to continued single-cell status because twelve prior classification committees between 1999 and 2003 found him eligible. But the California Department of Corrections updated its single-cell policy in April 2003; Foster no longer qualified.
The district court did not err in granting summary judgment for Davey and St. Andre on Foster’s property deprivation claim. California law provides an adequate post-deprivation remedy for a prisoner’s property loss. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994) (per curiam) (holding that California’s post-deprivation remedy for property loss barred a prisoner’s § 1983 challenge to property deprivation).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.